# EXHIBIT A

MARC E. LEIBMAN, ESQ., ATTORNEY ID NO.: 0008220096
KAUFMAN SEMERARO & LEIBMAN, LLP
TWO EXECUTIVE DRIVE - SUITE 530
FORT LEE, NEW JERSEY 07024
T. (201) 947-8855
F. (201) 947-2402
E. mleibman@northjerseyattorneys.com
Attorneys for Plaintiffs

| | |
|---|---|
| UMDASCH REAL ESTATE USA LTD. and DOKA USA, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BOROUGH OF WALLINGTON, <br><br> Defendant, | SUPERIOR COURT OF NEW JERSEY <br> BERGEN COUNTY: LAW DIVISION <br><br> DOCKET: <br><br> CIVIL ACTION <br><br><br> **COMPLAINT IN LIEU OF PREROGATIVE WRIT AND FOR VIOLATION OF CIVIL RIGHTS** |

Plaintiffs, Umdasch Real Estate USA LTD and Doka USA, LTD. (Plaintiffs or "Umdasch" or "Doka"), by way of Complaint in lieu of prerogative writ against the Defendant Borough of Wallington (Defendant "Borough"), states as follows:

### PARTIES

1. Plaintiffs are the owner of real property designated as Block 70.01, Lots 1.01, 1.02, 4.02, 4.03, and 4.04 on the tax map of the Borough with a street address of 520 Main Avenue, Wallington, New Jersey 07057. Plaintiff DOKA is a related entity with the same corporate parent, Umdasch AG, and is the beneficiary of an Economic Development Grant issued by the State of New Jersey arising from the development of the Property.

2. Defendant Borough is a municipal corporation of the State of New Jersey, with offices at 24 Union Boulevard, Borough of Wallington, County of Bergen, State of New Jersey.

## FACTS COMMON TO ALL COUNTS

3. On or about September 7, 2017 Plaintiff acquired the property commonly known as 520 Main Avenue, Wallington, New Jersey 07057.

4. All of the lots it purchased, 1.01, 1.02, 4.02, 4.03, and 4.04, (collectively the "Property") are contiguous and the site has frontage on Main Ave to the north with a rail line on the eastern side.

5. The Property is neighbored on the east by a rail line and on the west by a large bus depot, metal scrap yard and trailer storage site. Plaintiff is engaged in the business of manufacturing, rental, sales and storage of prefabricated building materials, formwork, floors, slab work, walls, construction material, production, equipment sales and rental as well as engineering and structural maintenance.

6. Lots 1.01, 1.02, 4.02 are in the Industrial Zone also referred to as the "I Zone" and are the subject of this action.

7. Lots 4.03 and 4.04 are in the Light Industrial Zone.

8. Until September 8, 2020, when Defendant amended the zoning, Plaintiffs' use on the site was consistent with and permitted in the Light Industrial Zone and Industrial Zone where it is located.

9. Since acquiring the Property in September 2017 the Plaintiffs have used the Property for the storage of material, both indoors and outdoors; much of the material exceeds fifty pounds.

10. Prior owners of the site, Farmland Dairies, LLC and tenants (trucking business) of the Property also stored material in excess of fifty pounds on the Property.

11. Subsequent to Plaintiff's purchase, on October 20, 2017, Defendant's Zoning Compliance Officer issued a Certificate of Zoning Compliance noting the sites was located in the "Industrial zone district" and its occupancy as a "industrial site" was authorized to continue.

12. Thereafter Defendant invalidly attempted to change the zoning on Lots 1.01, 1.02, 4.02 pursuant to Ordinance 2017-12[1] to the extreme detriment of the Plaintiffs, which has expended millions of dollars in the acquisition and improvement of the Property.

13. Ordinance 2017-12 was invalided on October 25, 2019, by Order of the Court under Docket number BER-L-007028-18.

14. If permitted to remain Defendant's actions of improperly adopting Ordinance 2020-14 will cause Plaintiffs damages exceeding five million dollars per year.

## FIRST COUNT
## ORDINANCE 2020-14 WAS NOT LAWFULLY ADOPTED

15. Ordinance 2020-14 impacts the Defendant's Industrial "I Zone" and includes Plaintiffs' Property, specifically Lots 1.01, 1.02 and 4.02.

16. Ordinance 2020-14 is ultra-vires and has no legal validity and was improperly and unlawfully adopted.

17. On information and belief, Ordinance 2020-14 was referred to the Defendant's Planning Board as required by N.J.S.A. 40:55D-64.

---

[1] Defendant's initial attempt failed when it amended the wrong section of the zoning ordinance.

3

18. On information and belief, Ordinance 2020-14 was considered for consistency review by Defendant's Planning Board on September 3, 2020, ("Planning Board Hearing") before second reading, adoption and publication as required by the Municipal Land Use Law.

19. At the Planning Board Hearing the Board, including the Mayor of the Defendant Borough, acknowledged that the Borough's Master Plan is out of date having not been re-examined in over ten years.

20. At the Planning Board Hearing the Planning Board acknowledged that Ordinance 2020-14 was being adopted solely to restrict the Plaintiff's rights to use its Property.

21. At the Planning Board Hearing the Board conducted a perfunctory and meritless review of the Master Plan and incorrectly determined Ordinance 2020-14 was consistent with the last adopted Master Plan on July 11, 2006.

22. Upon information and belief, Defendant Borough failed to abide by the requirements of N.J.S.A. 40:55D-62.1 and failed, amongst other things, to give notice under the Municipal Land Use Law to (i) all affected property owners, (ii) owners within 200 feet of the subject zone, (iii) adjoining municipalities, and the (iv) Bergen County Department of Planning prior to a municipal hearing on the amendment to the zoning ordinance, as required by the Municipal Land Use Law, N.J.S.A. 40:55D-62.1.

23. Defendant failed to abide by N.J.S.A. 40:55D-26 in that there was no Report, as required, on Ordinance 2020-14 from the Planning Board to the Council as mandated by N.J.S.A. 40:55D-26, which states "shall review a the report of the planning board...."

24. Defendant failed to abide by the Municipal Land Use Law, N.J.S.A. 40:55D-26 in that there was no review of any report by governing body, as required.

**WHEREFORE**, Plaintiffs demand Judgment as follows:

(a) Declaring Ordinance 2020-14 invalid and ultra vires and without force or effect.

(b) Awarding any other relief as may be deemed appropriate by the Court, inclusive of interest and costs.

## SECOND COUNT
## DEFENDANT'S ZONING ORDINANCE IS INVALID

### Ordinance 2020-14 And Defendant's Entire Zoning Ordinance Are Invalid Because Defendant Failed to Review its Master Plan For Over Ten Years

25. Plaintiffs repeat and reallege the preceding paragraphs of the complaint as if fully set forth at length herein.

26. The Borough last reviewed its Master Plan on July 11, 2006.

27. N.J.S.A. 40:55D-89 requires municipal Master Plans to be periodically reviewed at least once every ten (10) years.

28. The Borough's failure to examine its Master Plan, as required by N.J.S.A. 40:55D-89, for more than ten (10) years establishes the presumption that municipal development regulations are no longer reasonable.

29. Ordinance 2020-14 is inconsistent with the Master Plan, which calls for allowing "appropriate development, expansion and operation of commercial facilities in these areas." With respect to property referenced in paragraph 1, *infra*.

30. Ordinance 2020-14 is additionally invalid because the governing body failed to report in its minutes the justification for adoption of an ordinance that is substantially inconsistent with its Master Plan, in violation of N.J.S.A. 40:55D-26.

5

Case 2:20-cv-16346   Document 1-1   Filed 11/17/20   Page 7 of 12 PageID: 12

**WHEREFORE**, Plaintiffs demand Judgment as follows:

(a) Declaring Ordinance 2020-14 invalid and ultra vires and without force or effect.

(b) Declaring the Defendant's Zoning Ordinance invalid and without force or effect.

(c) Awarding any other relief as may be deemed appropriate by the Court, inclusive of interest and costs.

## COUNT THREE
## UNCONSTITUTIONAL SPOT ZONING
### 42 U.S.C. § 1983; New Jersey Civil Rights Act

31. Plaintiffs incorporates paragraphs 1 through 30 of this complaint as if fully set forth in this count.

32. Both the United States Supreme Court and the New Jersey Supreme Courts have held that "any land-use decision which arbitrarily singles out a particular parcel for different, less favorable treatment than the neighboring ones" is unconstitutional and known as "reverse or inverse spot zoning."

33. Among the criteria for spot zoning is (non-exhausitvely): (a) a change in zoning that disproportionately affects one property owner; (b) neighboring property owners were the impetus for the change; and (c) inconsistency between the change and the master plan; and (d) no competent evidence that the governing body acted on the recommendation of land use professionals or otherwise have a sufficient legislative record to defend the change.

34. Wallington's zoning change satisfies all these criteria. Plaintiffs are disproportionately affected by the zoning change. It occupies almost all of the industrial zone and the zoning change was clearly directed to prohibit an activity— outside storage— that was integral to Plaintiffs' business at the site.

35. The zoning change was brought about the lobbying efforts of Plaintiffs' neighbor and competitor, Wallington Real Estate Investment Trust ("WREIT"). WREIT has attempted to buy Plaintiff's property in effort to combine the property with WREIT's neighboring property in order to create a "transit village." Plaintiffs have rejected these efforts, despite that WREIT has sued Plaintiffs several times to try to leverage a purchase of the Property. WREIT has sued Doka four times in an effort to stymie Doka's development of the Property: (i) to enforce an easement; (i) in public records litigation to undercut Doka's purchase of the Property in an effort to force Doka to sell the Property; in litigation under BER-L-007028 which it lost on summary judgment and (iii) in ongoing tax litigations.

**WHEREFORE**, Plaintiffs demand Judgment as follows:

(a) Declaring Ordinance 2020-14 invalid and ultra vires and without force or effect.

(b) Declaring the Defendant's Zoning Ordinance invalid and without force or effect.

(c) Awarding any other relief as may be deemed appropriate by the Court, inclusive of interest and costs.

## COUNT FOUR
## VIOLATION OF SUBSTANTIVE DUE PROCESS
**42 U.S.C. § 1983; New Jersey Civil Rights Act; New Jersey Constitution**

37. Plaintiffs incorporate paragraphs 1 through 36 of this complaint as if fully set forth in this count.

38. For the same reasons expressed in count three, the zoning change violates substantive due process and Plaintiffs' right to be free from "conscious-shocking" behavior by Wallington.

39. Defendant's Ordinance 2020-14 was enacted solely to restrict the Plaintiff's use of its Property in a discriminatory fashion.

**WHEREFORE**, Plaintiffs demand Judgment as follows:

(a) Declaring Ordinance 2020-14 invalid and ultra vires and without force or effect.

(b) Declaring the Defendant's Zoning Ordinance invalid and without force or effect.

(c) Awarding any other relief as may be deemed appropriate by the Court, inclusive of interest and costs.

## COUNT FIVE
## TAKINGS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AND THE NEW JERSEY CONSTITUTION

40. Plaintiffs incorporate paragraphs 1 through 38 of this complaint as if fully set forth in this count.

41. Defendant's Ordinance 2020-14 severely limits the use of the Plaintiff's Property.

42. Enforcement of Defendant's Ordinance 2020-14 causes significant ongoing economic harm to the Plaintiff by restricting its use of the Property.

43. If enforced Defendant's Ordinance would require the construction of massive buildings at tremendous expense and eliminate the ability to use large portions of the Plaintiff's property for any purposes whatsoever.

44. No other property in the Borough is impacted, nor intended to be impacted by Defendant's Ordinance 2020-14.

45. There have been no changes in the area surrounding the Plaintiff's Property warranting the change in zoning.

46. Prior to the adoption of Ordinance 2020-14, Plaintiff was legally entitled to develop its Property for its desired use including the storage of materials outside, but after the adoption of Ordinance 2020-14, Plaintiff from is prevented from making such use of its Property.

47. The value of Plaintiff's Property is substantially decreased by Ordinance 2020-14, and the amendatory zoning ordinance has thereby depreciated the market value of Plaintiff's Property.

48. Ordinance 2020-14 is unconstitutional, null, and void as applied to plaintiff's property, for the following reasons:

> (i) The amendatory zoning ordinance constitutes an unreasonable, arbitrary, and discriminatory spot zoning of Plaintiff's Property, having no relation whatsoever to the public health, safety, and welfare, and it thereby deprives plaintiff of the equal protection of the laws.
>
> (ii) By such arbitrary spot zoning, Ordinance 2020-14 violates the spirit and intent of the Municipal Land Use Law, authorizing Defendant Borough of Wallington to adopt zoning regulations solely for the purpose of frustrating Plaintiff's business interests and benefiting a chosen competitor and it thereby deprives Plaintiff of its Property without due process of law.
>
> (iii) By reducing the value of Plaintiff's Property, Ordinance 2020-14 constitutes a public taking of the property without just compensation.

49. Plaintiff desires to use the above-mentioned property for the development of its North American Headquarters, and for its purposes as described in paragraph 5 above.

50. Plaintiff desires to invest over eight million dollars into the development of the its Property and has made a large and substantial investment of money in the property for such development, including its purchase for over sixteen million dollars.

51. Defendant, by its duly authorized officers, agents, and agencies, has threatened and still threatens to enforce against Plaintiff the provisions of Ordinance 2020-14 pertaining to the use of plaintiff's property, by refusing to grant permits for the lawful use of the Property.

52. For the reasons set forth above, a real controversy exists between Plaintiff and Defendant regarding their respective rights and duties in the matters set forth in this complaint, subjecting Plaintiff to the risk of irreparable injury for which it has no adequate legal remedy.

53. Defendant's actions violate the Fifth Amendment's Takings clause.

54. Defendant's actions violate Section VI, Article IV of the New Jersey Constitution.

**WHEREFORE**, plaintiff requests that the court render judgment:

a. Declaring that the above-mentioned amendatory zoning ordinance is unconstitutional, null, and void as applied to plaintiff's above-described property;

b. Permanently enjoining defendant, all persons acting under defendant and their successors in office, from enforcing or attempting to enforce Ordinance 2020-14 against Plaintiff;

c. Enjoining defendant from the above-described acts and conduct during the pendency of this action;

d. Awarding Plaintiff attorney's fees, costs of suit; and

e. Granting Plaintiff such other and further relief as the court deems just and proper.

                                      KAUFMAN, SEMERARO & LEIBMAN, LLP
                                      Attorneys for Plaintiffs

                                      By: _____
                                           MARC E. LEIBMAN, ESQ.

Dated: October 22, 2020

## R. 4:5-1 CERTIFICATION

Pursuant to R. 4:5-1, the undersigned member of the bar of this Court hereby declares that the matter in controversy is not presently the subject of any other action pending in any other Court or of any pending arbitration or administrative proceeding.

## TRIAL COUNSEL DESIGNATION PURSUANT TO R. 4:25-1

Marc E. Leibman, Esq. is hereby designated as trial counsel.

KAUFMAN, SEMERARO & LEIBMAN, LLP
Attorneys for Plaintiffs

By: _____
MARC E. LEIBMAN, ESQ.

Dated: October 22, 2020