**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMDASCH REAL ESTATE USA, LTD. AND DOKA USA, LTD.<br><br>                Plaintiffs,<br><br>v.<br><br>THE BOROUGH OF WALLINGTON,<br><br>                Defendant. | Civil Action No. 2:20-cv-16346<br><br>**OPINION**<br><br><br>March 19, 2021 |

**WIGENTON**, District Judge.

Before this Court is Defendant The Borough of Wallington's ("Defendant") Motion to Dismiss Counts Three, Four, and Five of Plaintiffs Umdasch Real Estate USA, Ltd. and DOKA USA, Ltd.'s (collectively, "Plaintiffs") Complaint (D.E. 1, Ex. A ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's Motion is **DENIED.**

### I.   BACKGROUND AND PROCEDURAL HISTORY

Since September 2017, Plaintiffs have owned real property with a street address of 520 Main Avenue, Wallington, New Jersey 07057, designated as Block 70.01 and Lots 1.01, 1.02, 4.02, 4.03, and 4.04 on the tax map of the Borough of Wallington. (Compl. ¶ 1; D.E. 3-3 ("Br.") at 8.) Plaintiffs' business involves, *inter alia*, the manufacture, sale, and storage of prefabricated building materials, much of which weighs more than fifty pounds. (Compl. ¶¶ 5, 9.)

Beginning in September 2020, Defendant began a process to re-zone many of Plaintiffs' lots and ultimately enacted Ordinance 2020-14 (the "Ordinance"), which bars the uncovered storage of certain equipment. (Compl. ¶¶ 8-16; Br. 3, 6.) Prior to the Ordinance's enactment, Plaintiffs' outdoor storage of heavy equipment was consistent with the permitted industrial zoning. (Br. 3.) Both parties agree that the Ordinance was "adopted solely to restrict Plaintiffs' rights to use the Property," rather than to alter zoning more broadly. (*Id.* 4.)

On October 22, 2020, Plaintiffs filed suit in the Superior Court of New Jersey, alleging that by enacting the Ordinance, Defendant wrongfully deprived Plaintiffs of certain property rights. (*See generally* Compl.) Defendant removed the Complaint to this Court on November 17, 2020, on the basis that Counts III (spot zoning), IV (substantive due process), and V (takings clause) allege federal causes of action, and then, on December 8, 2020, moved to dismiss these counts pursuant to Rule 12(b)(6). (D.E. 1; Br.) Defendants also request that this Court remand the remaining claims to state court.[1] (*Id.* 8.) All briefing was timely filed. (*See* D.E. 7, 8.)

**II.   LEGAL STANDARD**

When ruling on a motion to dismiss under Rule 12(b)(6), this Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). An adequate complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must … raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

---

[1] Defendant originally raised arguments regarding ripeness and exhaustion but has since rescinded them. (D.E. 8.)

Pursuant to Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III.   DISCUSSION

#### A. Substantive Due Process (Count IV)

To establish a substantive due process claim, "a plaintiff must prove the particular interest at issue is protected by the ... due process clause" and that "the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008) (citing *United Artists Theatre Cir. v. Twp. of Warrington*, 316 F.3d 392, 400–02 (3d Cir. 2003)). Here, Defendant only disputes whether Plaintiffs have established the requisite level of egregious conduct. (Br. 12.) The test to determine whether a government actor's behavior shocks the conscience is "not precise" and "varies depending on the factual context." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (citations omitted). Conduct that has been found sufficiently egregious includes self-dealing, intentional interference with constitutionally

protected activities, corruption, and intentional bias. *Id.*; *Button v. Snelson*, 679 F. App'x 150, 154 (3d Cir. 2017).

Here, the Complaint alleges sufficient facts to survive dismissal. Although discovery may reveal that this is a "fairly run-of-the-mill zoning dispute," at this stage of litigation, this Court must accept Plaintiffs' allegations as true. *Maple Properties, Inc. v. Twp. of Upper Providence*, 151 F. App'x 174, 179 (3d Cir. 2005)). Read in this manner, the Complaint suggests that Defendant: intentionally designed the Ordinance to impede Plaintiffs' only economically viable business model, created a "zoning change [that] was clearly directed to prohibit an activity … that was integral to Plaintiffs' business," offered no underlying rational basis for the Ordinance, and was influenced by improper "lobbying efforts" designed to enrich another private company. (*See* Br. 4; Compl. ¶¶ 20, 35, 45, 51.) Defendant acknowledges that the Ordinance was intended "solely to restrict the Plaintiffs' rights to use the Property," rather than to generally restrict industrial activity. (Br. 4.) The Complaint also alleges that Defendant has "threaten[ed]" Plaintiffs and "refuse[d] to grant [them] permits." (Compl. ¶ 51.) Although Defendant may ultimately demonstrate that its actions were wholly rational, at this juncture, these facts suggest corruption, intentional bias, and possible self-dealing. Thus, dismissal is inappropriate.

    **B. Takings (Count V)**

"The Takings Clause of the Fifth Amendment to the United States Constitution … provides that government shall not take private property for public use without just compensation." *Sutton v. Chanceford Twp.*, 186 F. Supp. 3d 342, 349 (M.D. Pa. 2016); *Thornbury Noble, Ltd. v. Thornbury Twp. Bd. of Supervisors*, Civ. No. 99-6460, 2000 WL 1358483, at *3 (E.D. Pa. Sept. 20, 2000). A plaintiff may challenge a government regulation as an uncompensated taking of private property under the following theories: as a physical taking, a land-use exaction, a total

regulatory taking, or a *Penn Central* ad hoc regulatory taking. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 548 (2005).

Here, Plaintiffs allege that the Ordinance acts as a regulatory taking. (*See* D.E. 7 at 24.) Regulatory takings may be per se takings if they: (1) amount to physical invasions; or (2) deny "all economically beneficial" use of land. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015-17 (1992). If an alleged taking falls outside of those categories, pursuant to *Penn Central*, a court must normally conduct a case-specific inquiry to determine whether or not a taking has occurred. 438 U.S. 104, 124 (1978). This analysis would require considering 1) "[t]he economic impact of the regulation on the claimant," 2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and 3) the "character of the governmental action." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). If the regulation "applies generally to a broad class of properties," it is unlikely that a taking has occurred. *Rogin v. Bensalem Tp.*, 616 F.2d 680, 690 (3d Cir. 1980).

At this juncture, Plaintiffs have alleged a plausible claim to relief. Both parties agree the Ordinance is not generally applicable, applies only to Plaintiffs, and targets the very economic activity that underlies Plaintiffs' business operations. (Compl., ¶¶ 9, 44; Br. 4.) The Complaint also specifically avers that Plaintiffs' multi-million-dollar investment was directly thwarted by the Ordinance. (Compl. ¶¶ 47, 49-50.) Further, the Complaint suggests that the regulation will cause Plaintiffs serious economic harm by denying them some proportion of the economically beneficial use of their land. (*Id*.) Although Defendant responds with factual challenges, arguing that Plaintiffs may have suffered individualized harm but have not lost all economically viable land uses, it would be premature for this Court to address facts not found in the Complaint. (Br. 20-

21.) Thus, taking Plaintiffs' facts as true, giving them all reasonable inferences, and discounting Defendant's factual challenges, this claim survives dismissal.

### C. Spot Zoning

Generally, spot zoning is the "use of the zoning power to benefit particular private interests rather than the collective interests of the community."[2] *Riya Finnegan LLC v. Twp. Council of Twp. of S. Brunswick*, 197 N.J. 184, 195 (2008) (citation omitted). Under New Jersey law, "[a] zoning ordinance is insulated from attack by a presumption of validity, which may be overcome by a showing that the ordinance is 'clearly arbitrary, capricious, or unreasonable, or plainly contrary to fundamental principles of zoning ....'" *PC Air Rights, L.L.C. v. Mayor & City Council of City of Hackensack*, Civ. No. 5350-05, 2006 WL 2035669, at *5 (N.J. Super. Ct. July 20, 2006) (citation and internal quotations omitted). "The party attacking an ordinance bears the burden of overcoming [this] presumption." *Id.* A spot zoning allegation may amount to a claim for "inverse spot zoning" if the ordinance was "directed to disfavor [Plaintiffs] in a discriminatory way." *Acad. Hill, Inc. v. City of Lambertville*, Civ. No. 19-426, 2020 WL 3642694, at *7 (D.N.J. July 6, 2020). Inverse spot zoning occurs where "the neighboring community … seeks to reap a benefit by imposing its particular view, contrary to the previously generated comprehensive plan, upon the specific parcel, to the detriment of the rights of that parcel's owner." *Riya Finnegan LLC*, 197 N.J. at 199.

Here, Plaintiffs first allege that the Ordinance amounts to inverse spot zoning in violation of 28 U.S.C. Section 1983 ("Section 1983"), which "provides a remedy for deprivations of specific constitutional rights." *Ingliema v. Town of Hampton*, Civ. No. 05-3497, 2007 WL 980414, at *2

---

[2] Such claims may be raised pursuant to federal or state law. Inverse spot zoning can amount to a constitutional violation of, for example, due process or equal protection principals. *See e.g.*, *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 137 (3d Cir. 2002); *Granger v. Town of Woodford*, 167 Vt. 610, 611 (1998). Count III, however, does not seem to specify any such constitutional doctrine. (*See* Compl.)

(D.N.J. Mar. 28, 2007); *see also Graham v. Connor*, 490 U.S. 386, 393-394 (1989) (Section 1983 creates a method of vindicating federal rights that are "elsewhere conferred"). The Complaint, however, fails to specify any constitutional provision or federal law that acts as a source for substantive rights, instead vaguely referencing Defendant's "unconstitutional" behavior.[3] (*See* Compl. ¶ 32.) This is insufficient to state a valid Section 1983 claim. Plaintiffs also allege that the Ordinance constitutes improper spot zoning pursuant to the New Jersey Civil Rights Act ("NJCRA"). NJCRA violations, however, do not arise "every time that a local governmental actor … runs afoul of the [Municipal Land Use Law]." *See PC Air Rights, L.L.C.*, 2006 WL 2035669, at *9-10. As the NJCRA is interpreted analogously to Section 1983, Plaintiffs again fail to state a claim, because the Complaint does not specify the substantive right that the Ordinance violates.[4] *See Didiano v. Balicki*, Civ. No. 10-4483, 2011 WL 1466131, at *6 (D.N.J. Apr. 18, 2011); Compl.

Nonetheless, a plaintiff can attack the validity of an ordinance under state law without alleging civil rights violations. *See, e.g.*, *Al Falah Ctr. v. Twp. of Bridgewater*, Civ. No. 11-2397, 2013 WL 12322637, at *17 (D.N.J. Sept. 30, 2013); *Gallo v. Mayor & Twp. Council of Lawrence Twp.*, 328 N.J. Super. 117, 127 (App. Div. 2000). "Although the MLUL does not define either spot zoning or inverse spot zoning, both concepts are imbedded in the principles of sound and comprehensive planning that pervade [New Jersey's] statutory framework." *Riya Finnegan LLC*, 197 N.J. at 197 (2008). Arbitrary zoning regulations can include those that are not "accomplished in accordance with a comprehensive plan to promote the general welfare." *See Taxpayers Ass'n*

---

[3] In opposition, Plaintiffs mention "due process of law" and "just compensation." (D.E. 7 at 11.) The Complaint, however, articulates separate causes of action for both due process violations and an alleged Fifth Amendment taking. (*See* Compl.) Thus, to the extent Count III also arises from these same constitutionally protected rights, the count would likely be duplicative. *Zitter v. Petruccelli*, 213 F. Supp. 3d 698, 708 (D.N.J. 2016), *on reconsideration*, Civ. No. 15-6488, 2017 WL 1837850 (D.N.J. May 8, 2017) (dismissing claims as duplicative).

[4] Defendant's factual arguments that the Ordinance was "enacted to advance the general welfare" would require this Court to impermissibly look beyond the Complaint. (Br. 9.)

*of Weymouth Twp., Inc. v. Weymouth Twp.*, 80 N.J. 6, 18 (1976); *Gallo*, 328 N.J. Super. at 127. Here, the Complaint identifies the Ordinance as, *inter alia*: noncompliant with state zoning requirements, intended to "disproportionately affect" Plaintiffs, inconsistent with "the master plan," lacking a "sufficient legislative record," passed without the "recommendation of land use professionals" or "competent evidence," designed to disrupt "integral" elements of Plaintiffs' business, and passed into law "arbitrar[ily]." (*See* Compl. ¶¶ 32-33.) Thus, Plaintiffs have plausibly pleaded that the Ordinance is invalid as inverse spot zoning under state law.[5]

Therefore, as this Court will not dismiss Counts IV or V, which both confer federal question jurisdiction, it will interpret Count III as a claim to relief under state law and exercise its discretion to retain supplemental jurisdiction over it. *See Growth Horizons, Inc. v. Delaware Cty.*, 983 F.2d 1277, 1284-1285 (3d Cir. 1993) (when exercising supplemental jurisdiction, the court "should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants'"). Plaintiffs' spot zoning claim clearly arises from the same transaction or occurrence as the federal counts, and thus is properly retained. *See Jones v. Virtua Health, Inc.*, Civ. No. 15-5840, 2017 WL 77411, at *4 (D.N.J. Jan. 9, 2017).

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **DENIED**. An appropriate order follows.

                                                         /s/ Susan D. Wigenton
                                                 SUSAN D. WIGENTON, U.S.D.J

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.

---

[5] Defendant's arguments that Plaintiffs may only assert this spot zoning claim in state court are unavailing. (D.E. 8 at 9.) "This Court has previously exerted supplemental jurisdiction over state claims alleging that an ordinance is arbitrary, capricious," and the fact that "Plaintiffs would have regularly brought this claim in state court does not render this federal forum inappropriate." *Acad. Hill, Inc. v. City of Lambertville*, Civ. No. 19-426, 2020 WL 3642694, at *8 (D.N.J. July 6, 2020).

Parties