**Mary C. McDonnell, Esq. – Attorney ID No. 045271992**
024-5156
**PFUND MCDONNELL, P.C.**
139 Prospect Street, 2nd Floor
Ridgewood, NJ 07450
(201) 857-5040
Attorneys for Defendant, Borough of Wallington

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSE

| | |
|---|---|
| *Plaintiff(s)*<br>UMDASCH REAL ESTATE USA, ltd. and DOKA, USA, LTD.<br><br>*vs.*<br><br>*Defendant(s)*<br>BOROUGH OF WALLINGTON | **CIVIL ACTION NO.  2:20-cv-16346**<br><br>**CIVIL ACTION**<br><br>ANSWER, REQUEST FOR DAMAGES, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION |

Defendant, Borough of Wallington, by way of Answer to the Complaint filed herein, hereby says:

### **PARTIES**

1. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

2. This Defendant admits the allegations contained in this paragraph.

### **FACTS COMMON TO ALL COUNTS**

3. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

4. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

5. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

6. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

7. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

8. This Defendant denies the allegations contained in this paragraph.

9. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

10. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

11. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

12. This Defendant denies the allegations contained in this paragraph.

13. The October 25, 2019 Order of the Court speaks for itself.

14. This Defendant denies the allegations contained in this paragraph.

## AS TO THE FIRST COUNT

15. This Defendant has insufficient knowledge at this time upon which to form a belief

as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

16. This Defendant denies the allegations contained in this paragraph.

17. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

18. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

19. This Defendant denies the allegations contained in this paragraph.

20. This Defendant denies the allegations contained in this paragraph.

21. This Defendant denies the allegations contained in this paragraph.

22. This Defendant denies the allegations contained in this paragraph.

23. This Defendant denies the allegations contained in this paragraph.

24. This Defendant denies the allegations contained in this paragraph.

## AS TO THE SECOND COUNT

25. This Defendant repeats and reiterates each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

26. This Defendant denies the allegations contained in this paragraph.

27. N.J.S.A. 40:55 D-89 speaks for itself.

28. This Defendant denies the allegations contained in this paragraph.

29. This Defendant denies the allegations contained in this paragraph.

30. This Defendant denies the allegations contained in this paragraph.

## AS TO THE THIRD COUNT

31. This Defendant repeats and reiterates each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

32. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to his proofs.

33. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

34. This Defendant denies the allegations contained in this paragraph.

35. This Defendant denies the allegations contained in this paragraph.

**AS TO THE FOURTH COUNT**

36. Ommitted from Complaint.

37. This Defendant repeats and reiterates each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

38. This Defendant denies the allegations contained in this paragraph.

39. This Defendant denies the allegations contained in this paragraph.

**AS TO THE FIFTH COUNT**

40. This Defendant repeats and reiterates each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

41. This Defendant denies the allegations contained in this paragraph.

42. This Defendant denies the allegations contained in this paragraph.

43. This Defendant denies the allegations contained in this paragraph.

44. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

45. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

46. This Defendant denies the allegations contained in this paragraph.

47. This Defendant denies the allegations contained in this paragraph.

48. This Defendant denies the allegations contained in this paragraph.

49. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

50. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

51. This Defendant denies the allegations contained in this paragraph.

52. This Defendant denies the allegations contained in this paragraph.

53. This Defendant denies the allegations contained in this paragraph.

54. This Defendant denies the allegations contained in this paragraph.

## **FIRST SEPARATE DEFENSE**

Plaintiff's common law claims are barred by the application of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq.

## **SECOND SEPARATE DEFENSE**

Plaintiff cannot prove a violation by this Defendant of a clearly-established constitutional or statutory right.

### THIRD SEPARATE DEFENSE

At all times relevant hereto Defendant acted within the scope of its lawful authority or apparent authority.

### FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred by reasonable rights, procedures, defenses and immunities in favor of a municipal employee/member of a municipal governing body.

### FIFTH SEPARATE DEFENSE

This Defendant is immune from liability because they acted in good faith in the execution or enforcement of state law, state regulations promulgated by the Department of Community Affairs and town ordinance, pursuant to the qualified or good faith immunity as provided by Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

### SIXTH SEPARATE DEFENSE

Defendant asserts the defense of presumption of validity and regularity of governmental actions.

### SEVENTH SEPARATE DEFENSE

answer with crossclaims (civil rights, zoning).docx

The claims against this Defendant are barred by the applicable Statute of Limitations.

### EIGHTH SEPARATE DEFENSE

Defendant at all times acted pursuant to law and all relevant statutes governing its authority and obligations in the within matter.

### NINTH SEPARATE DEFENSE

Plaintiffs' claims are barred in by the equitable doctrine of waivers, estoppel and laches.

### TENTH SEPARATE DEFENSE

This Defendant did not unlawfully or intentionally violate the civil rights of Plaintiffs pursuant to the United States Constitution.

### ELEVENTH SEPARATE DEFENSE

This Defendant reserves the right to assert additional defenses upon completion of Discovery and Investigation.

### REQUEST FOR DAMAGES

You are hereby requested and required to furnish the undersigned, within five (5) days a written statement of the amount of damages claimed in this action.

### JURY DEMAND

Please take notice that demand is hereby made for trial by jury on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Mary C. McDonnell, Esq. is designated as Trial Counsel.

### CERTIFICATION

I hereby certify that: (1) the within matter in controversy is not the subject of any other action pending in any other court or arbitration; (2) no other action or arbitration proceeding is contemplated, and (3) no other necessary party to be joined in the subject litigation is presently known.

I hereby certify that the foregoing pleading has been electronically filed and served within the time provided by the court rules.

PFUND MCDONNELL, P.C.
Attorneys for Defendant,
Borough of Wallington

By_____
MARY C. MCDONNELL, ESQ.

Dated: April 21, 2021

answer with crossclaims (civil rights, zoning).docx